### WILLIAM F. PURSELL v. THE EDISON PORTLAND CEMENT COMPANY ET AL.

Argued June 5, 1900—Decided November 12, 1900.

1. Where no notice by advertisement or otherwise was given to a prosecutor of the proceedings for vacating a road and laying out a new road, and he was and is a non-resident, he is not guilty of laches in applying for a writ of *certiorari* within thirty days after the consummation of the proceedings in the Common Pleas.

2. The act of 1890 (*p.* 247) provides a mode of altering short pieces of a public road by vacating it, or a portion thereof, by relaying the same, or substituting another road therefor; does not authorize the vacation of an existing road and the laying out of a new road in another place, whereby the prosecutor is entirely deprived of the way from his farm over the road vacated.

On *certiorari.*

Before Justices VAN SYCKEL and FORT.

For the prosecutor, *Henry S. Harris.*

For the defendants, *Howard W. Hayes* and *Martin Wyckoff.*

Memoranda for the court by

VAN SYCKEL, J.   This writ is prosecuted to review the proceedings had before the Warren County Pleas, under the provisions of the act entitled "A further supplement to an act concerning roads," approved March 27th, 1874, which supplement was approved April 14th, 1890.   *Pamph. L., p.* 247.

1. The court finds from the facts submitted to it that the proceedings taken in this case would injuriously affect the property of the prosecutor, and that he therefore has a private interest and is exposed to a special injury which entitles him to prosecute his writ of *certiorari.*

The case is within the rule laid down in *Beecher* v. *Newark, ante p.* 307.   The proceeding in the pleas was consummated July 6th and the writ of *certiorari* was sued out on the 3d of August of the same year.

No notice by advertisement or otherwise was given to the prosecutor of the proceeding, and he was and is a non-resident of this state.   We therefore conclude that he was not guilty of any laches in applying for his writ which should deprive him of his right to a review.

2. The act of 1890 provides a mode of altering short pieces of a public road by vacating such road, or a portion thereof, by relaying the same, or a portion thereof, or substituting another road therefor.

We find that the proceedings had in this case are not within the act of 1890.

It was neither a relaying of the road vacated, nor a substitution of another road therefor.   It was a vacation of an existing road and the laying out of a new road in another place distant from the locality of the road vacated.   It was not a substitution of another road for the road vacated; the prosecutor was entirely deprived of the way from his farm over the road vacated, and was not given by this proceeding any other way in substitution for it, and he suffered this injury without being given any opportunity to be heard in defence of his rights.

It is true that by traveling in a roundabout way through another previously existing highway he could reach the new road laid out by the proceedings certified, but that would be the situation if the new road throughout its entire length was ten miles distant from the road vacated.

The proceedings under review should be set aside and vacated, with costs.